LÓPEZ, PLAINTIFF AND APPELLEE, v. PORTO RICO RAILWAY, LIGHT
& POWER COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
for Damages.—Motion for Dismissal.

No. 2981.—Decided April 3, 1923.

APPEAL—NEGLIGENCE—CHASTISEMENT.—The Supreme Court will not exercise its
discretion under its Rule 59 to dismiss an appeal because of the mere lapse
of ninety days. It should be shown also that the appellant had been negli-
gent to such extent as to justify chastisement by the loss of his remedy.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *C. Ruiz* for the appellant.

*Mr. M. Benítez Flores* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of
the court.

On February 15, 1923, the appellee filed a motion for
the dismissal of the present appeal because the notice of
appeal was filed on June 15, 1922, and the transcript of the
record had not yet been filed. The appellant opposed the
motion and exhibited two certificates and an affidavit which
show that the notice of appeal was filed on June 15, 1922; that
even prior to that date the appellant asked the stenographer
of the court for a transcript of the evidence and the stenog-
rapher was unable to furnish it until September 12, 1922;
that the appellant secured extensions of the time for filing
his statement of the case and bill of exceptions for the ap-
peal; that before the last extension had expired, or on Oc-
tober 4, 1922, the appellant presented the statement of the
case and bill of exceptions in the office of the clerk of the
trial court; that the said court went into vacation on Novem-
ber 1, 1922, and called its next session on January 2, 1923; that
on February 15, 1923, the appellant moved the district court
that as, notwithstanding the provisions of subdivision 4 of
section 299 of the Code of Civil Procedure, no day had been
set for considering and approving the statement of the case,
a day should be set, and the district court set the 23rd of Feb-

ruary, 1923, for the said consideration and approval. The appellee's motion was called for hearing on March 12, 1923. The hearing was continued to the 19th of March, on which day the motion was heard. On the same 19th day of March the transcript of the record was filed.

The appellee invokes Rule 59 of this court in support of its motion. The said rule reads as follows:

"After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this Court may, in the discretion of the Court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

Assuming that notwithstanding the later laws enacted by the Legislature on the matter, the said Rule is still in full force and, therefore, that regardless of the extensions of time granted by the trial court, this court may dismiss the appeal, this is not a case where we should exercise our discretion as the appellee suggests, because the facts do not show such negligence as to warrant the dismissal of the appeal.

In accordance with the law, the court itself must set a day for the hearing and although the appellant, who is bound to prosecute his appeal, should be active, it has not been shown in this case that his failure to act during the latter fortnight of October and during the month of January, 1923, is sufficient to show that he was so negligent that his lack of diligence justifies chastisement by the loss of his remedy.

By virtue thereof the motion of the appellee must be overruled.

*Motion overruled.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.